[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 11, 2011
JOHN LEY
CLERK

No. 10-15680
Non-Argument Calendar

_____

D.C. Docket No. 3:08-cr-00091-LC-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRIAN LAKEITH ROWE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(August 11, 2011)

Before BARKETT, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Brian Lakeith Rowe appeals his conviction for conspiracy to distribute and

possess with intent to distribute five kilograms or more of cocaine, in violation of

21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A)(ii). On appeal, Rowe claims that the district court erred in failing to grant his challenge to the government's peremptory strikes of two black venire members pursuant to *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712 (1986).[1]

*Batson* established a three-step, burden-shifting inquiry to assess whether the government unconstitutionally exercised its peremptory challenges to exclude venire members from the jury on the basis of their race, *United States v. Houston*, 456 F.3d 1328, 1335, n. 5 (11th Cir. 2006) (noting that *Batson* applies equally to the federal government):

> First, a defendant must make a prima facie showing that a peremptory challenge has been exercised on the basis of race; second, if that showing has been made, the prosecution must offer a race-neutral basis for striking the juror in question; and third, in light of the parties' submissions, the trial court must determine whether the defendant has shown purposeful discrimination.

*Snyder v. Louisiana*, 552 U.S. 472, 476-77, 128 S. Ct. 1203, 1207 (2008) (alterations and citations omitted).

Here, the district court found on Rowe's first objection to the prosecution's strike of a black venire member that Rowe had failed to make a *prima facie* case of

---

[1] We review *de novo* challenges to jury selection pursuant to *Batson*, but review underlying factual findings for clear error. *United States v. Campa*, 529 F.3d 980, 992 (11th Cir. 2008). The district court's finding as to why a juror is excused is a factual finding, and the court's credibility determinations are entitled to "great deference." *United States v. Gamory*, 635 F.3d 480, 495 (11th Cir. 2011).

discrimination.[2]  In response to Rowe's objection to the strike of the second black juror, the prosecutor volunteered a race-neutral reason before the court ruled on the first *Batson* step.  The court gave no clear ruling on the second step either, responding simply, "All right. That's noted," and moving to the next juror.  After selection concluded with the seating of one minority juror as an alternate, Rowe reiterated his objection to the jury selection on *Batson* grounds.  He did so again before the trial began, and the court simply noted his objections for the record, effectively overruling them.

The district court never ruled on whether Rowe established a prima facie case with his second objection and instead considered the reasons the prosecutor volunteered.  Thus, we consider whether Rowe has shown that the prosecutor's reasons were pretext.  *See United States v. Edouard*, 485 F.3d 1324, 1342-43 (11th Cir. 2007) (citing *Hernandez v. New York*, 500 U.S. 352, 358, 111 S.Ct. 1859, 1866 (1991) (plurality opinion)) (finding that "whether [defendant] made out the prima facie case is moot" because "the district court considered the prosecution's non-discriminatory reasons for exercising the strikes" and overruled the objections).

---

[2] Rowe's appeal is based on his later objections, and he does not challenge the court's ruling on this first objection.

As Rowe argues on appeal, a defendant can demonstrate pretext by showing that the government's reasons for the strike applies with equal force to "otherwise-similar" venire members of another race who were not challenged. *Miller-El v. Dretke*, 545 U.S. 231, 241, 125 S. Ct. 2317, 2325 (2005).[3]  But here, Rowe has not carried his burden because he has not shown for either peremptory strike that the proffered reasons for the strike applied equally to the excluded and accepted venire members.  Rowe neither argued at trial nor argues on appeal that the prosecution's main proffered reason for the first strike—that she "appeared completely disinterested"—was false or applied to any of the white venire members. *See United States v. Cordoba-Mosquera*, 212 F.3d 1194, 1197 (11th Cir. 2000) (noting that "inattentiveness is a proper race-neutral reason for using a peremptory strike").  Meanwhile, Rowe's comparison of the second challenged

---

[3] In the district court, Rowe never specifically raised the argument he raises here, and we have previously found such failure to raise "comparability analysis"—comparing the excluded prospective minority jurors and included white jurors to show the government's proffered reasons are pretextual—is fatal to a *Batson* claim on appeal. *See Houston*, 456 F.3d at 1338-39 (refusing to find error when defendant "never alerted the court to the existence of white venire members whom he now contends were similarly situated" as to the proffered reasons for the strikes of minority venire members).  However, the Supreme Court's subsequent analysis in *Snyder* casts doubt on our reasoning in *Houston*.  The *Snyder* Court "recognize[d] that a retrospective comparison of jurors based on a cold appellate record may be very misleading when alleged similarities were not raised at trial" because "an exploration of the alleged similarities at the time of trial might have shown that the jurors in question were not really comparable." 522 U.S. at 483, 128 S. Ct. at 1211.  Nonetheless, the Court found that the record was sufficient to evaluate the claimed similarities and went on to find a *Batson* violation on that basis. *Id.*  We need not decide whether or how *Snyder* alters circuit law because, even considering his comparability analysis, Rowe's claim fails on the merits.

black venire member with a white juror fails because their responses to the pertinent question—about criminal charges against the venire member's family members—were substantially different. The questionnaire of the venire member who was challenged indicated only that her son had been charged with a crime and that charges had been dismissed. The white comparison juror, by contrast, stated that his sister had been charged with an offense, "but I don't know the details. We aren't close." Furthermore, the government did strike a white venire member who had noted that her sister had faced criminal charges but, unlike the comparison white juror and like the challenged black venire member, did not indicate that she was not "close" with the relevant family member. Rowe's comparison thus fails to show that the prosecutor's facially neutral reasons were pretext, and so we cannot say the court reversibly erred in overruling the *Batson* objections.

Accordingly, upon review of the record and consideration of the parties' briefs, we **AFFIRM** Rowe's conviction.

**AFFIRMED.**